IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARNELL W. MOON, #34077-044,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Civil No. 20-cv-00648-JPG |
| **UNITED STATES,** | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Darnell W. Moon, an inmate in the custody of the Federal Bureau of Prisons (BOP) who is currently incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion), filed a Complaint in the Circuit Court for the First Judicial Circuit, Williamson County, in the State of Illinois. Moon names seven (7) defendants in connection with tort claims under Illinois law. *See Darnell W. Moon v. B. Meade, et al.*, Case No. 2020-L-60 (filed May 21, 2020). He seeks relief for alleged violations of federal and state law.

Defendants removed the case to this Court pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, a federal statute commonly known as the "Westfall Act." For actions commenced in state court, as here, the Westfall Act calls for removal to the federal district court "embracing the place in which the action or proceeding is pending." *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(2)). The underlying case was properly removed to this federal judicial district because it embraces Williamson County, Illinois.

The Westfall Act grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *See Osborn*, 549

1

U.S. at 230 (citing 28 U.S.C. § 2679(b)(1)).  It amended the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, to require substitution of the United States as a defendant in a tort suit brought against a government employee.  *Id*. at 230.  It empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," and renders the Attorney General's certification[1] "conclusiv[e] . . . for purposes of removal."  *Id*. (citing 28 U.S.C. §§ 2679(b)(1), (d)(1), (2)).  Upon such certification, the United States is substituted in place of each employee, and each employee is dismissed.  *Id*. (citing § 2679(d)(2)).  The action is then governed by the FTCA.

In this case, the United States Attorney, by his designee, certified that all of the defendants were BOP employees acting within the scope of their employment at the time of the events giving rise to the Complaint.  (Doc. 1 at ¶¶ 3, 7-8, Ex. B).  Accordingly, the United States shall be substituted in place of all individual defendants, and they shall be dismissed.  This case will be governed by the FTCA.

However, the case won't go far.  Moon is well-known to this Court because he has been subject to a filing restriction since 2016.  *See Moon v. Dodrill*, Case No. 15-cv-876-MJR-SCW (S.D. Ill. May 13, 2016) (Doc. 68).  Plaintiff was originally sanctioned for committing fraud in connection with his application for leave to proceed *in forma pauperis* (IFP).  *Id*.  When asked to disclose his litigation history, Plaintiff omitted sixty (60) cases filed during his incarceration

---

[1] A United States Attorney may issue the certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a).  In the instant case, the United States Attorney delegated this authority to the Chief of the Civil Division, who certified that all defendants were acting with the scope of their employment at the time of the incidents out of which the claims arose.

between 2008 and 2014 and more than three (3) "strikes" under 28 U.S.C. § 1915(g).[2] The Court found that Plaintiff's omissions were material, intentional, and fraudulent and entered an Order prohibiting him from "**filing any further litigation in this Court until he pays all outstanding fees**."[3] (Doc. 68, p. 5) (emphasis added). At the time the filing restriction was imposed, Plaintiff owed more than $2,900.00 in unpaid filing fees.[4]

Plaintiff filed a motion to rescind the filing restriction in June 23, 2020, and it was denied on July 21, 2020. *See Moon v. Dodrill*, Case No. 15-cv-876-JPG (Docs. 77 and 80). This Court reviewed Plaintiff's litigation history and found that he exercised virtually no self-restraint from abusive litigation while the 2016 filing restriction was in effect. (*See* Doc. 80). He continued filing suits for civil damages in other federal district courts. *Moon v. Dodrill*, Case No. 15-cv-876-JPG (Doc. 79, p. 2) (citing Case Nos. 16-cv-208 (E.D. Mo.), 16-cv-1866 (M.D. Tenn.), 17-cv-125 (E.D. Mo.), 17-cv-132 (E.D. Mo.), 18-cv-117 (E.D. Mo.), 2019-cv-17 (E.D. Mo.), and 2019-cv-1355 (D. Ore.)). Meanwhile, Plaintiff paid none of the fees that were due when the original filing restriction was imposed. He still owes this court more than $2900.00 in unpaid filing fees.[5] Given

---

[2] *See Moon v. Samuels*, No. 15-cv-861-JPG-SCW (S.D. Ill.) (Doc. 103, pp. 1-2) (citing *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364 (7th Cir. 1983) (federal court may take judicial notice of other court proceedings related to the matter at bar)); *Moon v. Walton*, No. 15-cv-889-JPG-SCW (S.D. Ill.) (Doc. 87, p. 1); *Moon v. Rivas*, No. 15-cv-890-JPG-DGW (S.D. Ill.) (Doc. 19; Doc. 29, p. 3); *Moon v. Rivas*, No. 15-cv-891-SMY-PMF (S.D. Ill.) (Doc. 69); *Moon v. Garcia*, No. 15-cv-921-SMY-RJD (S.D. Ill.) (Doc. 43).

[3] At the time, Moon was also subject to a filing restriction in a habeas action. *See Moon v. Roal*, No. 12-cv-982-DRH (Doc. 12) ("[A]ny future civil action petitioner may file in this Court (including any action seeking habeas relief), shall not be considered by the Court until full payment of the filing fee for this case has been made).

[4] Moon owed the following amounts: *Moon v. Roal*, No. 12-cv-983-MJR-SCW ($350.00); *Moon v. United States*, No. 12-cv-1090-JPG ($332.02); *Moon v. Samuels*, No. 15-cv-861-JPG-SCW ($400.00); *Moon v. Dodrill*, No. 15-cv-876-JPG ($350.00); *Moon v. Walton*, No. 15-cv-889-JPG-SCW ($400.00); *Moon v. Rivas*, No. 15-cv-890-JPG-DGW ($350.00); *Moon v. Rivas*, No. 15-cv-891-SMY-PMF ($350.00); *Moon v. Garcia*, No. 15-cv-921-SMY-RJD ($350.00); *Moon v. Roal*, No. 12-cv-636-CJP ($5.00); *Moon v. Roal*, No. 12-cv-982-DRH ($5.00); *Moon v. Roal*, No. 12-cv-1070-DRH ($5.00); *Moon v. Roal*, No. 13-cv-68-DRH ($5.00).

[5] See *id*.

all of this, the Court deemed it necessary and appropriate to extend the filing restriction for another two years, as follows:

> . . . Plaintiff's **FILING RESTRICTION REMAINS IN EFFECT** and is **EXTENDED**. Accordingly, Plaintiff is prohibited from filing any further litigation, including any papers in a civil action, in this District until such time as his outstanding filing fees of $2,902.00 are paid in full. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (1995); *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997). The filing restriction does not extend to a notice of appeal filed in this case, a petition for writ of habeas corpus, or any pleadings filed as a defendant in a criminal action. *Id*. Unless some other action is taken by the Court, any petition for writ of habeas corpus Plaintiff files in this District should be considered denied and dismissed thirty (30) days after it is filed. Plaintiff may seek modification or rescission of this Order, by filing a motion in this Court *no earlier* than two years from the date of entry of this new Order (no sooner than July 21, 2022).

(Doc. 80, p. 3) (emphasis in original). Plaintiff has appealed this decision. Not surprisingly, neither the original nor the extended filing restriction has deterred Plaintiff. Since June 2020, this Court has received *thirteen (13) additional cases* filed by Plaintiff in state court and removed by the defendants.

Removal of this case by the defendants was proper. Moon's filing restriction did not abrogate the absolute right of the defendants to remove the underlying case from state to federal court. *See, e.g., In re Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996) (sanction against plaintiff that prohibited filing complaints or motions did not prevent defendants from removing the action to federal court). Moreover, the Court finds Moon's Response to the Notice of Removal (Doc. 16) unpersuasive. Simply put, Moon cannot dodge the restriction by filing an action in state court and waiting for the defendants to remove the matter to federal court.

His conduct is no different than other restricted filers, who remain undeterred by a filing restriction imposed in one federal judicial district and begin filing lawsuits in other federal judicial districts. *See, e.g., Tidwell v. Cunningham*, Case No. 18-cv-1448-SMY (S.D. Ill.) (Doc. 9) (dismissing case transferred from Northern District of Texas as fourth unlawful attempt to

circumvent filing restriction and imposing additional monetary sanctions against litigant); *Akers v. United States*, Case Nos. 20-cv-581-JPG (Doc. 13), 20-cv-592-JPG (Doc. 8), and 20-cv-638 (Doc. 8) (administratively closing cases removed from the Circuit Court for the First Judicial Circuit, Williamson County, Illinois).  This Court does not tolerate such conduct.  Doing so would render the filing restrictions meaningless.  This case represents yet another attempt by Moon to circumvent the filing restrictions, avoid the Prison Litigation Reform Act's "three-strikes" bar to litigation, and dodge his filing fee obligations in federal court.  This Court will not allow him to proceed in this manner.  The case shall be **ADMINISTRATIVELY CLOSED**.

### Disposition

The Clerk of Court is **DIRECTED** to **SUBSTITUTE** the **UNITED STATES** in place of **ALL INDIVIDUAL DEFENDANTS** in CM/ECF, and **ALL INDIVIDUAL DEFENDANTS** are **DISMISSED** with prejudice.  The Clerk of Court is **DIRECTED** to **RECHARACTERIZE** this action as being brought pursuant to the Federal Tort Claims Act.

To the extent the allegations raise constitutional claims pursuant to 42 U.S.C. § 1983 against the individual defendants, the Court finds that removal is still proper.  *See* 28 U.S.C. §§1441, 1443, 1446, and 1331.  Likewise, administrative closure of this case is also appropriate for the reasons set forth herein.

**IT IS ORDERED** that this case is **ADMINISTRATIVELY CLOSED**.  All pending motions are **DISMISSED** as now being **MOOT.**

Moon is **REMINDED** that as long as the filing restriction imposed in *Moon v. Dodrill*, Case No. 15-cv-876-JPG (Doc. 80) *or any other applicable filing restriction* remains in effect, the Clerk of Court will return unfiled any papers submitted to this Court in violation of said restriction(s).  To deter future similar misconduct, Moon stands **WARNED** that he shall receive

increasingly harsh sanctions, including but not limited to monetary fines, for further attempts to avoid the filing ban.

    **IT IS SO ORDERED.**

    **DATED:  October 19, 2020**　　　　　　　　　　　　**s/J. Phil Gilbert**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**